# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| JANA SHELLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:05-CV-234-TS |
| | ) | |
| COUNTRY WIDE HOME LOANS, INC, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

In early 2005, the Plaintiff, Jana Shellman, received some "junk mail" from the Defendant, offering her a refinance loan. The letter indicated that the Defendant sent her the solicitation after obtaining her consumer report from a credit bureau. The Plaintiff did not authorize the Defendant such access. Disturbed by this intrusion, the Plaintiff sued the Defendant under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.* She makes two claims: (1) the Defendant violated 15 U.S.C. § 1681b(f) by willfully and falsely certifying to a consumer reporting agency that it had a permissible purpose to obtain and use the Plaintiff's consumer report; and (2) the Defendant failed to disclose in the mailing the information required under 15 U.S.C. § 1681m(d). The Plaintiff wants to pursue this case as a class action.

The Defendant moved to dismiss the case, and its motion is the subject of this Opinion and Order.

### A. Standard for Evaluating a Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510,

1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true and views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). In order to prevail, the defendant must demonstrate that "the plaintiff's claim, as set forth by the complaint, is without legal consequence." *Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Doherty v. City of Chi.*, 75 F.3d 318, 322 (7th Cir. 1996). Under the Federal Rules of Civil Procedure the plaintiff need only "set out in [his] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chi.,* 195 F.3d 950, 951 (7th Cir.1999); Fed. R. Civ. P. 8(a). However, a plaintiff may not avoid dismissal simply by attaching bare legal conclusions to narrated facts that fail to support his claims. *Strauss v. City of Chi.*, 760 F.2d 765, 767–68 (7th Cir. 1984); *Sutliff, Inc. v. Donavan Cos.*, 727 F.2d 648, 654 (7th Cir. 1984). The complaint must allege facts that sufficiently set forth the essential elements of a cause of action. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir.1992); *see also Gray v. County of Dane*, 854 F.2d 179, 182 (7th Cir.1988) (holding that the federal rules require that a complaint allege facts that, if proven, would provide an adequate basis for each claim). The court may consider all allegations made in the complaint as well as any attachments accompanying the complaint. Fed. R. Civ. P. 10(c).

**B. 15 U.S.C. § 1681m(d)**

The Plaintiff's claim under § 1681m(d) must be dismissed outright as she has no private cause of action under this statute: "[t]his section shall be enforced exclusively under section 1681s

2

of this title by the Federal agencies and officials identified in that section." 15 U.S.C. § 1681m(h)(8). The Plaintiff argues that the phrase "this section" really means "this *subsection*" and does not apply to the entire § 1681m but only to § 1681(h). Accordingly, she maintains that she has a private cause of action under § 1681m(d).

The Plaintiff's argument has been unanimously rejected by the district courts in this Circuit, *see, e.g., Cavin v. Home Loan Ctr.*, 2006 WL 1313191, *4–5 (N.D. Ill. 2006); *Bruce v. Wells Fargo Bank*, 2006 WL 1195210, *1 (N.D. Ind. 2006); *Bruce v. Grieger's Motor Sales, Inc. et al.*, 422 F. Supp. 988 (N.D. Ind. 2006), and by the Seventh Circuit itself: "[a] recent amendment to the Act abolishes private remedies for violations of the clear-disclosure requirement, which in the future will be enforced administratively." *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 951 (7th Cir. 2006) (referring to § 1681m). This Court has nothing new or contrary to add. Therefore, the Plaintiff's claim under § 1681m(d) will be dismissed.

**C. 15 U.S.C. § 1681b(f)**

Section 1681b(f)(2) prohibits anyone from obtaining a consumer report for any purpose unless "the purpose is certified in accordance with section 1681e . . . by prospective user of the report through a general or specific certification." In turn, § 1681e requires "that prospective users of the information . . . certify the purposes for which the information is sought, and certify that the information will be used for no other purpose." One of those purposes is carrying out a transaction that "consists of a firm offer of credit." § 1681b(c)(1)(B)(i).

The Plaintiff argues that, in this case, the Defendant could have legitimately accessed her record only in relation to a transaction that consisted of a firm offer of credit. However, that did not

3

happen because no such offer was made to her. Rather, the Defendant willfully accessed her consumer report without a permissible purpose, thus becoming liable under the Act.

The Defendant, on the other hand, submits that the Plaintiff's complaint does not allege that it lacked a permissible purpose when it obtained her consumer report. It contends that the Plaintiff cannot establish the lack of the Defendant's legitimate purpose by pointing to a transaction—such as mailing of the letter to the Plaintiff—that was subsequent to accessing the report. Rather, the Plaintiff must establish that the Defendant had an illegitimate purpose at the time it obtained the consumer record. It cites *Duncan v. Handmaker*, 149 F.3d 424, 429 (6th Cir. 1998), for a proposition that a defendant cannot be held civilly liable if it obtained the consumer report under what it believed was a proper purpose, which the court later ruled impermissible. Thus the Defendant suggests that even if its mailing to the Plaintiff did not constitute a firm offer of credit, she has no basis for her claim under the Act.

Viewed in the light most favorable to the Plaintiff, her Complaint set forth the essential elements of a cause of action under § 1681. She alleges that the Defendant wilfully accessed her consumer report without her permission and without a permissible purpose. At this stage, the Defendant's reliance on *Duncan* is futile. *Duncan* held that a defendant may not be liable if it did not have a requisite state of mind when it accessed the consumer report, that is, "it [did not] act willfully and purposefully with a motivation to injure." *Duncan*, 149 F.3d at 429. However, the Plaintiff does allege that the Defendant acted wilfully, and that its action of sending her junk mail is the evidence that it accessed her report without ever intending to make her a firm offer of credit. Contrary to the Defendant's argument, its actions subsequent to accessing the report may shed some light as to its true intent to peak into the Plaintiff's private records. Accordingly, the Court will not dismiss the Plaintiff's § 1681b claim.

## CONCLUSION

For these reasons, the Court grants the Defendants motion to dismiss the Plaintiff's 15 U.S.C. § 1681m claim, but denies its motion to dismiss her 15 U.S.C. § 1681b claim.

SO ORDERED on June 1, 2006.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT