UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JANA SHELLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.  1:05-CV-234 |
| | ) | |
| COUNTRYWIDE HOME LOANS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER DENYING APPROVAL
## OF STIPULATED PROTECTIVE ORDER

Before the Court is a stipulation by the parties seeking approval of a proposed protective order (Docket # 58).  As the proposed order contains a major defect, it will be DENIED.

The order's definition of "confidential" is impermissibly broad.  It states:

> A party may designate discovery materials, including discovery materials of a nonparty in a party's possession, as "CONFIDENTIAL MATERIALS" or "CONFIDENTIAL" to the extent that the party, through counsel, believes such discovery materials are confidential because they include: confidential business or technical information; trade secrets; proprietary business methods or practices; personal information, including personal financial information about customers or applicants, any party to this lawsuit, or an employee of any party to this lawsuit; third parties; information regarding any individual's banking or lending relationships, including, without limitation, information regarding the individual's mortgage or credit history; and any other competitively sensitive confidential information.

(Proposed Consent Protective Order ¶ 1.)  Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).  However, the protective order submitted by the parties provides no basis for finding good cause.

Here, the proposed order, which seeks to protect information throughout the entire

litigation process, makes no effort to explain *why* the purported protected materials are confidential, simply contending that they are "competitively sensitive." (Proposed Order ¶¶ 1, 16.)  "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. March 28, 2003) (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

Furthermore, the definition of "confidential" encompasses faceless categories of information such as "confidential business or technical information," "trade secrets," "proprietary business methods or practices," "personal information," and "any other competitively sensitive confidential information."  These categories are vague and overly broad, as a protective order must extend only to "properly demarcated categor[ies] of legitimately confidential information." *Cincinnati Insurance*, 178 F.3d at 945-46 (noting that a broad protective order granting carte blanche discretion to a party is invalid); *MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).  Furthermore, the incorporation of the word "believes" in the definition is a "fudge," making the already overly-broad order even more so. *See Cincinnati Insurance*, 178 F.3d at 945.

Moreover, the proposed order endeavors to cause documents that "include" or "contain" confidential information to be filed under seal (Proposed Order ¶¶ 1, 2 ), rather than solely

2

protecting the actual confidential material. *See Cincinnati Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).

Indeed, if the Court were to approve this order, both parties would be left with a "virtual carte blanche . . . to seal whatever portions of the record the party wanted to seal." *Id*. at 944. The Seventh Circuit has repeatedly held that such overly broad protective orders are invalid. *See, e.g., id.* at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid).

"Obtaining a protective order in an appropriate case need not be a[n] onerous task.  But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2.  Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.

For these reasons, the Court hereby DENIES approval of the stipulated protective order (Docket # 58) submitted by the parties.  SO ORDERED.

Enter for this 18th day of September, 2006.

                                                S/ Roger B. Cosbey
                                                Roger B. Cosbey,
                                                United States Magistrate Judge